IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DALE R. FRELAND,

                                                      OPINION AND ORDER

                Petitioner,

                                                      16-cv-355-bbc
                                                      96-cr-35-bbc

     v.

UNITED STATES OF AMERICA,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Dale R. Freland has filed a motion for post conviction relief under 28 U.S.C. § 2255, challenging the sentence imposed on him in 1997 for bank robbery and attempted bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) and § 2, and for carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). He argues that his "conviction under 924(c) is unconstitutional in that the language defining 'crime of violence' is too vague," dkt. #1, at 2, but he does not say what is too vague about the language. He may be thinking of the Supreme Court's 2015 decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551, that the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii) was unconstitutionally vague, but the holding in that case had nothing to do with the constitutionality of § 924(c)(1).

      In any event, petitioner cannot bring a motion challenging his § 924(c) conviction, because the time period in which he could do so expired years ago. Under 28 U.S.C. §

1

2255(f), he had one year from the date on which his conviction became final in which to challenge his conviction. He did not challenge his conviction during that period. Section 2255 provides three other limitations periods, including one that allows the filing of a § 2255 petition within one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review." § 2255(f)(3). Petitioner cannot take advantage of this limitation period, because he has not shown that he is asserting a new right that has been recognized only recently by the Supreme Court.

In addition, petitioner has not shown that he could take advantage of the one-year limitations period following the removal of an impediment created by governmental action that prevented him from filing a post conviction motion, § 2255(f)((2), or that he could not have discovered the facts supporting his claim earlier had he exercised due diligence, § 2255(f)(4). Therefore, his motion for post conviction relief must be denied.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Petitioner

has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that petitioner Dale R. Freland's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED for his failure to show that his motion is timely and that he has a plausible claim for relief. Further, it is ordered that no certificate of appealability shall issue. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 19th day of October, 2016.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge